UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
RICHARD ROY SCOTT,           )    No. MC05-5029
                                    )
              Plaintiff,  )
      v.                      )    ORDER PERMITTING CASE TO PROCEED
                                    )
JUDICIAL DISPUTE RESOLUTION; )
STEVEN SCOTT; TERRENCE A.     )
CARROLL; and DAVID HACKETT, )
                                    )
            Defendants.  )
_____ )

       This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On August 22, 2006, the Clerk of Court received a motion to proceed *in forma pauperis*, a consent for payment of costs, a complaint, and a declaration signed by plaintiff. See Dkt. #89. These are now before the undersigned for review pursuant to the terms of the bar order.[1]

---

[1] In determining whether this action should be allowed to proceed under the bar order, this Court is not called on to review the merits, if any, of plaintiff's allegations. This Court does note, however, that plaintiff's claims in this case appear spurious.

If the trial court ultimately finds the filings in this case are frivolous or harassing, this Court will consider issuing another vexatious litigant order under the All Writs Act, 28 USC § 1651(a), including

ORDER

Although no relief is requested in the proposed complaint, plaintiff asserts a § 1983 claim against: the Honorable Steve Scott (ret.), a panelist for Judicial Dispute Resolution, LLC and a special discovery master in a state court proceeding against plaintiff; the Honorable Terrence A. Carroll (ret.), a panelist for Judicial Dispute Resolution, LLC; and David Hackett, a King County deputy prosecuting attorney in a state court proceeding against plaintiff. Plaintiff alleges that Judge Scott (ret.) denied plaintiff meaningful and effective court access by not issuing subpoenas and denying or failing to rule on discovery motions. See Dkt. #89 at 4-5. Plaintiff alleges that Judge Carroll (ret.) was aware of these alleged actions against plaintiff, but failed to act, "thereby joining the conspiracy to deprive" plaintiff of effective and meaningful court access. See id. at 6-7. Plaintiff alleges that Mr. Hackett refused to schedule depositions thereby denying plaintiff effective and meaningful court access. See id. at 7. Pursuant to the terms of the "Order Adopting Report and Recommendation," dated April 5, 2005, plaintiff has submitted a signed declaration verifying that none of the issues raised in the proposed complaint have been litigated in the past by plaintiff. See id. (Affidavit of R.R. Scott).

The undersigned finds that the issues raised in the above-captioned matter have not been previously litigated by plaintiff and may proceed subject to the other requirements imposed by the "Order Adopting Report and Recommendation," dated April 5, 2005. The Clerk of Court shall docket this order in MC05-5029 and open a new cause of action containing all documents related to plaintiff's August 22, 2006, submission (Dkt. # 89).

DATED this 23rd day of October, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

appropriate sanctions. See Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation."); see also DeLong v. Hennessey, 912 F.2d 1144, 1147-49 (9th Cir. 1990) (outlining guidelines for entry of a vexatious litigant order).

ORDER                           -2-